IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| KATHRYN O. GREENBERG IMMIGRATION JUSTICE CLINIC AT THE BENJAMIN N. CARDOZO SCHOOL OF LAW,<br><br>Plaintiff,<br><br>v.<br><br>U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT AND U.S. DEPARTMENT OF HOMELAND SECURITY,<br><br>Defendants. | Civil Action No. 24-cv-8542<br><br>**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF** |

## INTRODUCTION

1. This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552 *et seq.*, seeking to compel the U.S. Immigration and Customs Enforcement ("ICE"), a component of the U.S. Department of Homeland Security ("DHS"), to immediately produce records pertaining to the processes and protocols under which ICE enters, maintains and validates entries in the National Crime Information Center ("NCIC") database, as well as specified related data.

2. Plaintiffs submitted a FOIA request via ICE's online FOIA portal on September 25, 2024. *See* Ex. A, FOIA Request. One week later, on October 2, 2024, ICE acknowledged receipt of the request and stated that though it typically attempts to respond to requests within twenty business days, as generally required by statute, it was invoking the ten-day extension as allowed by 5 U.S.C. § 552(a)(6)(B). *See* Ex. B, ICE Acknowledgement Email.

3. Accordingly, ICE was obligated to respond to Plaintiff's FOIA as of November 6, 2024, thirty working days after the filing of the Request. Plaintiff has not received any substantive

1

response from ICE and, therefore, Plaintiff has constructively exhausted its administrative remedies.

## JURISDICTION AND VENUE

4. This Court has jurisdiction pursuant to 5 U.S.C. §§ 552(a)(4)(B), (a)(6)(C)(i), (a)(6)(E)(iii). Because this action arises under FOIA against an agency of the United States, this Court also has jurisdiction over this action pursuant to 28 U.S.C. § 1331.

5. Venue lies in this District under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e) because Plaintiff's principal place of business is within the District.

6. This Court has jurisdiction to grant declaratory and further necessary or proper relief pursuant to 5 U.S.C. §§ 552(a)(4)(B) and (a)(6)(E)(iii), 28 U.S.C. §§ 2201–2202 and Federal Rules of Civil Procedure 57 and 65.

7. Plaintiff has exhausted all administrative remedies. Given that ICE has failed to "make a timely response to the initial request," Plaintiff is deemed to have "constructively exhausted [its] remedies." *Dinsio v. F.B.I.*, 445 F. Supp. 2d 305, 309 (W.D.N.Y. 2006) (citing *Ruotolo v. Dep't of Justice*, Tax Div., 53 F.3d 4, 8 (2d Cir. 1995)).

## PARTIES

8. Plaintiff Kathryn O. Immigration Justice Clinic ("the Clinic") is a law school clinic based at the Benjamin N. Cardozo School of Law, with its office and principal place of business at 55 Fifth Avenue, Floor 11, New York, New York 10003. The Clinic is a component of its parent non-profit organization and was founded in 2008 to provide *pro bono* legal representation to indigent immigrants facing deportation, as well as community-based and national advocacy organizations, in both public policy and litigation efforts.

9. Defendant U.S. Department of Homeland Security ("DHS") is a federal agency responsible for the enforcement of immigration law in the United States. DHS is an agency of the United States government and an agency within the meaning of 5 U.S.C. § 552(f)(1).

10. Defendant U.S. Immigrations and Customs Enforcement ("ICE") is a subcomponent of DHS, responsible for interior immigration enforcement, including immigration detention within the United States. ICE is an agency within the meaning of 5 U.S.C. § 552(f)(1).

11. Defendants have custody and control over the records Plaintiff seek to have made publicly available under 5 U.S.C. § 552(a)(2).

## STATEMENT OF FACTS

12. Plaintiff is a law school immigration clinic that represents individual immigrants in their legal proceedings, as well as immigrant advocacy groups and community-based organizations on advocacy and litigation matters that seek to protect and vindicate the rights of immigrants.

13. The NCIC is a widely used law enforcement records database maintained by the FBI. NCIC was created principally to facilitate the exchange of criminal records. The NCIC database originally operated to assist law enforcement in apprehending fugitives and locating stolen property. However, since 2002, the NCIC was expanded to include certain civil immigration records. Those records are all placed within the Immigration Violator File within NCIC. ICE is the only contributing agency authorized to add, remove, or modify records from the Immigration Violator File in NCIC. *See* Ex. C, NCIC Privacy Impact Statement at 4.

14. Inaccurate Immigration Violator File information in NCIC can, and has, led to unlawful and unnecessary arrests. Accordingly, Plaintiff seeks to understand ICE's policies and protocols, if any, for ensuring that records contained in the Immigration Violator File within NCIC are up-to-date and accurate.

15.　　Accordingly, on September 25, 2024, Plaintiff, via ICE's online FOIA portal, submitted a FOIA request seeking information about ICE's data entry and hygiene practices with respect to the Immigration Violator File in NCIC. Plaintiff also sought expedited processing and a fee waiver under the FOIA statute and DHS regulations. *See* Ex. A, FOIA Request.

16.　　On October 2, 2024, ICE acknowledged receipt of Plaintiff's request via an email. ICE assigned the matter reference number 2024-ICFO-58702 and stated that given the nature of Plaintiff's request, the agency would invoke the ten-day extension for initial responses allowed by statue. *See* Ex. B, ICE Acknowledgement Email.

17.　　Despite acknowledging receipt of Plaintiff's request and its own statutory duty to substantively respond to the Request by November 6, 2024 at the latest (or thirty working days after submission of the Request), ICE has failed to provide any response or additional explanation for its delay.

18.　　ICE's failure to respond within the statutory timeframe constitutes Plaintiff's constructive exhaustion of administrative remedies. Plaintiffs therefore hereby initiate the instant action to compel ICE to produce the requested records.

## CLAIM FOR RELIEF

### FIRST CAUSE OF ACTION

**Violation of the Freedom of Information Act, 5 U.S.C. § 552, for Failure to Conduct an Adequate Search for Responsive Records**

19.　　The Plaintiff repeats, alleges and incorporates, as fully set forth herein, each and every allegation contained in paragraphs 1–18 above.

20.　　The Defendants are obligated under 5 U.S.C. § 552(a)(3)(C) to conduct a reasonable search for records responsive to the Plaintiff's FOIA Requests.

21. The Plaintiff has a legal right to obtain such records, and no legal basis exists for the Defendants' failure to search for them.

22. The Defendants' failure to conduct a reasonable search for records responsive to the Plaintiff's Requests violates, at a minimum, 5 U.S.C. § 552(a)(3)(C) and the regulations promulgated thereunder.

## SECOND CAUSE OF ACTION

**Violation of the Freedom of Information Act, 5 U.S.C. § 552, for Failure to Disclose Responsive Records**

23. The Plaintiff repeats, alleges and incorporates, as fully set forth herein, each and every allegation contained in paragraphs 1–22 above.

24. The Defendants are obligated under 5 U.S.C. § 552(a)(3) to promptly produce records responsive to the Plaintiffs' FOIA requests and supplement thereto.

25. The Plaintiff has a legal right to obtain such records, and no legal basis exists for the Defendants' failure to disclose them.

26. The Defendants' failure to disclose all responsive records violates, at a minimum, 5 U.S.C. § 552(a)(3)(A), as well as the regulations promulgated thereunder.

## THIRD CAUSE OF ACTION

**Violation of the Freedom of Information Act, 5 U.S.C. § 552, for Failure to Respond within Time Required**

27. The Plaintiff repeats, alleges and incorporates, as fully set forth herein, each and every allegation contained in paragraphs 1–26 above.

28. The Defendants are obligated under 5 U.S.C. § 552(a)(6)(A)(i) to promptly produce records responsive to the Plaintiff's FOIA requests. The Plaintiff has a legal right to obtain such records, and no legal basis exists for the Defendants' failure to disclose them.

29. The Defendants' failure to disclose all responsive records violates, at a minimum, 5 U.S.C. § 552(a)(3)(A), as well as the regulations promulgated thereunder.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff respectfully prays for judgment against the Defendants as follows:

    a. Order the Defendants to expeditiously conduct an adequate search for all records responsive to the Plaintiff's FOIA requests in accordance with 5 U.S.C. § 552(a)(3)(C);

    b. Declare that the Defendants' failure to disclose the records responsive to the Plaintiff's request violates FOIA, 5 U.S.C. § 552(a)(3)(A), as well as the regulations promulgated thereunder;

    c. Declare that the Defendants' failure to promptly produce records responsive to the Plaintiffs' request violates FOIA, 5 U.S.C. § 552(a)(6)(A)(i);

    d. Order the Defendants to expeditiously process and disclose all responsive, non-exempt records, and enjoin the Defendants from improperly withholding records;

    e. Award the Plaintiff reasonable attorneys' fees and other litigation costs pursuant to 5 U.S.C. § 552(a)(4)(E), the Equal Access to Justice Act, and any other applicable statute or regulation; and

    f. Grant such other relief as the Court may deem just, equitable, and appropriate.

Respectfully Submitted,

Dated: November 11, 2024                    /s/ Elizabeth Wu

Elizabeth Wu, Esq., EW-0416
Peter L. Markowitz, Esq., PM-9052
Anwuli A. Onwaeze, Law Student Intern*
Oriana Bravo, Law Student Intern*
Kayla He, Law Student Intern*
Stacy Moses, Law Student Intern*

        Kathryn O. Greenberg Immigration Justice Clinic
        55 Fifth Ave, 11th Floor
        New York, NY 10003
        646-592-6558

\* *Motion to Appear as Law Students forthcoming*