# Exhibit A

# CARDOZO LAW

BENJAMIN N. CARDOZO SCHOOL OF LAW • YESHIVA UNIVERSITY

KATHRYN O. GREENBERG IMMIGRATION JUSTICE CLINIC

**Peter L. Markowitz,** *Co-Director*
*Professor of Law*

**Lindsay Nash,** *Co-Director*
*Associate Professor of Law*

**Elizabeth Wu**
*Clinical Teaching Fellow*

**S. Ellie Norton**
*Clinical Teaching Fellow*

(646) 592-6416
Fax (212) 790-0256

September 24, 2024

*Via SecureRelease portal*

U.S. Immigration and Customs Enforcement
Freedom of Information Act Office
500 12th Street, SW, Stop 5009
Washington, D.C. 20536-5009
Ice-foia@dhs.gov

RE:　Freedom of Information Act ("FOIA") Request

Dear FOIA Official:

The Kathryn O. Greenberg Immigration Justice Clinic at Cardozo School of Law ("the Clinic") submits this letter as a request for records ("Request") made pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, *et seq*. The Clinic requests that a fee waiver be granted for this request pursuant to 5 U.S.C. § 552(a)(4)(A)(iii) and, in accordance with 5 U.S.C. § 552(a)(6)(A)(i), that the agency respond to this request within twenty working days, unless otherwise permitted by statute.

## I.　DEFINITIONS

The terms listed below shall mean the following throughout this Request:

"**National Crime Information Center**" or "**NCIC**" refers to the national criminal justice information database maintained by the Federal Bureau of Investigation ("FBI") where criminal justice agencies and authorized noncriminal justice agencies may input and search for data about persons or property for law enforcement purposes. *See, e.g.,* FBI Privacy Impact Statement for the NCIC ("NCIC Privacy Impact Statement"), p. 1-3, Nov. 7, 2022, https://www.fbi.gov/file-repository/pia-ncic-020723.pdf (last visited Sept. 19, 2024).

"**Law Enforcement Support Center**" or "**LESC**" refers to the subcomponent of Immigration and Customs Enforcement ("ICE") that, among other responsibilities, is tasked with entering and maintaining ICE's entries into the NCIC. The LESC has three sections, including a Communications Section, whose "primary mission is to provide immediate telephonic assistance to law enforcement partners," and a NCIC Section, which "is responsible for entering NCIC data

and validating NCIC records for all of ICE." About: ICE LESC, https://www.ice.gov/lesc (last visited Sept. 22, 2024).

**"Criminal Justice Information Services"** or **"CJIS"** refers to the division within the FBI responsible for administering the NCIC. *See, e.g.,* Privacy Impact Assessment for the Fingerprint Identification Records System (FIRS) Integrated Automated Fingerprint Identification System (IAFIS), May 5, 2008, https://www.fbi.gov/how-we-can-help-you/more-fbi-services-and-information/freedom-of-information-privacy-act/department-of-justice-fbi-privacy-impact-assessments/firs-iafis (last visited Sept. 20, 2024).

**"Immigration Violator File"** refers to the file type within NCIC that can only be entered by ICE. *See* NCIC Privacy Impact Statement at 4. There are three categories of records within the Immigration Violator File: 1) the Deported Felon Category, which "contains records for previously deported felons convicted and deported for drug trafficking, firearms trafficking, or serious violent crimes;" 2) the Absconder Category, which "contains records for individuals with an outstanding administrative warrant of removal from the United States who have unlawfully remained in the United States;" and 3) the NSEERS Category, which "contains records for individuals whom [ICE] has determined have violated the requirement of the National Security Entry Exit Registration System." Testimony of Michael D. Kirkpatrick, Assistant Director in Charge of FBI CJIS Before the U.S. Senate Subcomm. on Immigration, Border Security, and Washington, D.C., Nov. 13, 2003, https://archives.fbi.gov/archives/news/testimony/the-fbis-national-crime-information-center (last visited Sept. 20, 2024). **All references to the Immigration Violator File in this request should be construed to include the three sub-categories described above.**

## II. RECORDS REQUESTED

As explained in further detail below, the Clinic seeks records pertaining to the processes and protocols under which ICE enters, maintains, and validates entries into the Immigration Violator Files in the NCIC. This request <u>does not</u> include records about how or when an ICE agent or official performs a query in NCIC to obtain law enforcement information. In other words, this request is only about data entered and maintained in NCIC by ICE, not about any queries or activity by ICE in NCIC as an end user.

Specifically, the Clinic seeks the release of the following records:

1. <u>NCIC Policies & Procedure</u>: Any policies, procedures, forms, or guidance, including materials related to employee training, that ICE has issued or uses that relate to or discuss the Immigration Violator File of the NCIC. This includes records that relate to or discuss:

    A. Creating new entries in the NCIC Immigration Violator File. This includes any policies ICE has issued or uses that direct or allow ICE Enforcement and Removal Operations, Office of the Principal Legal Advisor, or any other ICE subcomponent to coordinate with LESC regarding NCIC Immigration Violator File entries;

    B. Identifying entries in the NCIC Immigration Violator File that are inaccurate. This includes entries based on administrative warrants that have become inactive (such as based on removal orders that have been reopened or vacated) or entries that have otherwise become inaccurate. This includes any policies ICE has issued or uses that

2

  relate to the validation process discussed in the 2000 NCIC Manual Deported File § 1.6 (attached as Ex. A) and in the 2000 NCIC Introduction File § 3.4(4) (attached as Ex. B), or any similar or successor validation processes;

  C. Removing, clearing, modifying, purging, or canceling entries in the NCIC Immigration Violator File; or

  D. Responding to inquiries from state, local, or federal law enforcement to ICE's LESC relating to "hits" or positive responses in the NCIC Immigration Violator File. *See* Sample NCIC Immigration Violator File hits (attached as Ex. C) (directing the criminal justice agency who encounters an individual to "CONTACT LESC").

2. <u>NCIC Data</u>: Any records, spreadsheets, logs, reports, or audits that contain or discuss data related to the NCIC Immigration Violator File. This includes the following aggregate data (disaggregated by year to the extent feasible) and any records, reports, or audits that contain or discuss data related to:

  A. How many Immigration Violator File entries DHS and/or ICE have initiated, created, or requested to be initiated or created in NCIC;

  B. How many Immigration Violator File entries DHS and/or ICE has requested to be removed, cleared, modified, purged, or canceled in NCIC;

  C. How many Immigration Violator File entries have actually been removed, cleared, modified, purged, or canceled in NCIC;

  D. How many Immigration Violator File entries are currently in NCIC;

  E. How many calls or inquiries ICE's LESC has received related to Immigration Violator File "hits" and of those calls, how many the LESC has been able to confirm that the immigration violation shown in NCIC is accurate;

  F. How many detainers (DHS Form I-247) or requests to arrest or detain have been issued by ICE's LESC in response to calls or inquiries it has received related to positive hits in the NCIC Immigration Violator File.

3. <u>NCIC Monthly Validation Records</u>: Copies of all Validation Acknowledgement and Certifications generated since March 2022 as described in 2000 NCIC Introduction File § 3.4(5) (attached as Ex. B), issued by ICE related to entries in the NCIC Immigration Violator File.

### III.  PROCESSING AND FORMAT OF PRODUCTION REQUESTS

  Please provide all records in native format. Where records are produced in PDF format, please produce them in a searchable PDF format. If any abbreviations or acronyms are used in the data, please provide a record that defines the abbreviations and acronyms. Please construe this as an ongoing FOIA request such that any records that come into the agency's possession

prior to the final response to this FOIA Request should also be considered within the scope of the Request.

If the agency does not have or cannot provide any portion of the requested records, please provide the remainder of the requested records. The Clinic consents to the redaction of names and other personally-identifying information of individual persons who may appear in the NCIC or in individual records associated with the NCIC. To the extent you believe any portion of a responsive record is subject to a FOIA disclosure exemption, please provide segregable portions of the record that are not subject to such exemption.

This request is specific and narrowly tailored. However, if you believe that this information will be burdensome to produce as requested, please contact the Clinic using the contact information below, as we may be willing to modify aspects of this request.

### IV.     **EXPEDITED PROCESSING**

This request meets two independent criteria for expedited processing under the DHS regulations. 6 C.F.R. § 5.5(e).

First, expedited processing is warranted because there is "an urgency to inform the public about an actual or alleged federal government activity," and the request is made by an entity that is "primarily engaged in disseminating information." 6 C.F.R. § 5.5(e)(1)(ii).

Both criteria are satisfied here. There is an urgent need to inform the public about ICE's practices with respect to the entry and verification of Immigration Violator File data into NCIC. According to ICE, it maintains over 340,000 Immigration Violator File records in the NCIC. *See* About: ICE LESC, https://www.ice.gov/lesc. Yet, there is no publicly available information on how ICE vets or verifies this information that criminal justice agencies use 24/7, 365 days a year to make enforcement decisions, such as whether to arrest or detain an individual. Indeed, the information upon which Requestor relied to define the terms in Section I and the scope of the request in Section II was largely culled from an NCIC operating manual authored by the FBI that is over twenty years old and was received by the Clinic in response to another FOIA request. *See* Ex. A and B, excerpts of the NCIC 2000 Operating Manual. In addition, as a law school clinic, the Requestor is an entity "primarily engaged in disseminating information." 6 C.F.R. § 5.5(e)(1)(ii). The Clinic has a long track record of obtaining and analyzing data from government agencies and publishing studies and evaluations to educate the public about how the U.S. immigration enforcement and adjudication systems function.[1] It disseminates these

---

[1] *See, e.g.*, PETER L. MARKOWITZ, *ET AL.*, CARDOZO IMMIGRATION JUSTICE CLINIC, CONSTITUTION ON ICE (2009), *available at* http://www.cardozo.yu.edu/uploadedFiles/Cardozo/Profiles/immigrationlaw-741/IJC_ICEHome-Raid-Report%20Updated.pdf (reporting on documents released by the DHS in response to FOIA request regarding home raids); New York Immigrant Representation Study Steering Committee (including Clinic co-Director Lindsay Nash), *Accessing Justice: The Availability and Adequacy of Counsel in Removal Proceedings – New York Immigrant Representation Study Report: Part 1*, 33 CARDOZO L. REV. 358 (2011) (analyzing and reporting on ICE and EOIR data regarding the rates of representation and success in various EOIR proceedings for noncitizens facing removal in the New York area); CARDOZO IMMIGRATION JUSTICE CLINIC, IMMIGRATION CYBER PRISONS: ENDING THE USE OF ELECTRONIC ANKLE SHACKLES (2021), *available at* https://larc.cardozo.yu.edu/faculty-online-pubs/3/ (examining use of technology in ICE's Intensive Supervision Assistance Program to surveil and restrict immigrants); CARDOZO IMMIGRATION JUSTICE CLINIC, HELD INCOMMUNICADO: THE FAILED PROMISE OF LANGUAGE ACCESS IN IMMIGRATION DETENTION (2024), *available at* https://cardozo.yu.edu/sites/default/files/2024-

materials by publishing them on websites, circulating them on listservs, and sharing them with the media.[2] As such, the Requester has a proven track record of compiling and disseminating information obtained via FOIA, and will do the same with newsworthy information obtained through this request.

Second, the Requester seeks an expedited records production to prevent "[t]he loss of substantial due process rights." 6 C.F.R. § 5.5(e)(1)(iii). Through this Request, the Clinic seeks to understand and to help the public understand how ICE data is maintained and verified in NCIC since, as the FBI itself recognizes, inclusion in NCIC increases the risk that "individuals might be subject to increased law enforcement scrutiny." *See* NCIC Privacy Impact Statement at 31. A greater understanding of how ICE vets these records can therefore assist the Clinic in protecting individuals who may otherwise receive unwarranted law enforcement scrutiny and prevent them from potentially losing substantial due process rights due to inaccurate NCIC entries.

### V.    FEE WAIVER

The Clinic respectfully requests that all fees associated with this FOIA request be waived. The Clinic is entitled to a waiver of all costs because, as described above, disclosure of the information is "likely to contribute significantly to public understanding of the operations or activities of the government and is not primarily in the commercial interest of the requester." 5 U.S.C. § 552(a)(4)(A)(iii); *see also* 6 C.F.R. § 5.11(k) (records furnished without charge or at a reduced rate if the information is in the public interest, and disclosure is not in the commercial interest of institution).

The Clinic has undertaken this work in the public interest and not for private commercial interest. The Clinic will make any newsworthy information publicly available, and such information will be critical to inform the public about the agency's practices with respect to NCIC Immigration Violator File entries. Accordingly, disclosure in this case meets the statutory criteria, and a fee waiver would fulfill Congress' legislative intent in amending FOIA. *See Judicial Watch Inc. v. Rossotti*, 326 F.3d 1310, 1312 (D.C. Cir. 2003) ("Congress amended FOIA to ensure that it be 'liberally construed in favor of waivers of noncommercial requestors.'") (internal citation omitted).

In the alternative, if a full fee waiver is not granted, the Requester seeks all applicable reductions in fees pursuant to 6 C.F.R. § 5.11(d). Further, fees are limited to only reasonable duplication costs when the request is not for commercial purposes and "the request is made by an educational or noncommercial scientific institution." 5 U.S.C. § 522(a)(4)(A)(ii)(II). Since the Clinic is part of an educational institution, it requests that if the fee waiver is not granted, fees be limited to duplication costs only. The Requester further asks that, if no fee waiver is granted and the fees exceed $200.00, the agency please contact the undersigned counsel to obtain consent to incur additional fees.

---

08/YU-101%20Held%20Incommunicado.pdf (evaluating whether ICE has fulfilled its responsibility to provide language access to the detained individuals with limited English proficiency).
[2] *Id*.

## VI. <u>CERTIFICATION</u>

The Clinic certifies that the above information is true and correct to the best of the Clinic's knowledge. If you have any questions regarding this request, please contact the undersigned at 646-592-6537 or via email at <u>peter.markowitz@yu.edu.</u> Please furnish all applicable records in electronic format to the email provided above. Thank you in advance for your timely cooperation.

    Sincerely,

*/s/ Kayla He*
_____
Kayla He, Law Student Intern
Stacy Moses, Law Student Intern
Anwuli Onwaeze, Law Student Intern
Oriana Bravo, Law Student Intern
Elizabeth Wu, Esq.
Peter L. Markowitz, Esq.
Benjamin N. Cardozo School of Law
Kathryn O. Greenberg
Immigration Justice Clinic
55 Fifth Ave, 11th Floor
New York, NY 10003