JAY CLAYTON
United States Attorney for the
Southern District of New York
By: DOMINIKA TARCZYNSKA
Assistant United States Attorney
86 Chambers Street, 3rd Floor
New York, NY 10007
Telephone: (212) 637-2748
Email: dominika.tarczynska@usdoj.gov

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

_____

KATHRYN O. GREENBERG IMMIGRATION )
JUSTICE CLINIC AT THE BENJAMIN N. )
CARDOZO SCHOOL OF LAW, )
)
)
Plaintiffs, )    Case No. 24-cv-08542 (GHW)
)
v. )    **ANSWER**
)
)
)
UNITED STATES IMMIGRATION AND )
CUSTOMS ENFORCEMENT, AND THE UNITED )
STATES DEPARTMENT OF HOMELAND )
SECURITY. )
)
Defendants. )
_____ )

**ANSWER**

Defendants U.S. Immigration and Customs Enforcement ("ICE"), and the U.S. Department

of Homeland Security ("DHS")[1] (collectively the "Defendants") by and through their undersigned

counsel, answer the Complaint filed on November 11, 2024, ECF No. 1, by Plaintiff Kathryn O.

---

[1] Please note that although DHS is a named Defendant, DHS did not receive and had no involvement in the processing of Plaintiff's Freedom of Information Act ("FOIA") request. Other than ICE being a component of DHS, DHS had no involvement in the subject matter of the instant action and the claims in the subject suit appear to be lodge solely against ICE.

Greenberg Immigration Justice Clinic at the Benjamin N. Cardozo School of Law ("Plaintiff") as follows:

## INTRODUCTION[2]

1.      The allegations contained in Paragraph 1 consist of Plaintiff's characterization of this action and its FOIA request and conclusions of law to which no response is required.  To the extent that a response is deemed required, Defendant ICE admits that this action purports to be brought under the FOIA, 5 U.S.C. § 552, *et seq.,* and that ICE is a component of DHS, and denies the remaining allegations.

2.      In response to the allegations of Paragraph 2, Defendant ICE admits only that the Plaintiff submitted a FOIA request to ICE dated September 25, 2024, and that ICE acknowledged receipt on October 2, 2024.  Defendants respectfully refer the Court to the Plaintiff's FOIA request and ICE's acknowledgement attached as Exhibits A and B to the Complaint, for an accurate and complete reading of their contents and deny any allegations inconsistent therewith.

3.      In response to the allegations of Paragraph 3, Defendants aver that Defendant ICE produced records in response to Plaintiff's FOIA request in January 2025 and February 2025.  The remaining allegations contained in Paragraph 3 consist of Plaintiff's conclusions of law to which no response is required; to the extent that a response is deemed required, Defendants deny the allegations.

## JURISDICTION AND VENUE

4.      The allegations contained in Paragraph 4 consist of Plaintiff's conclusions of law regarding jurisdiction to which no response is required.

---

[2] For ease of reference, Defendant' Answer replicates the headings contained in the Complaint. Defendants believe that no response is required to such headings. To the extent these headings and titles are construed to contain factual allegations where a response is deemed required, such allegations are denied.

5. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations regarding Plaintiff's principal place of business. The remaining allegations contained in Paragraph 5 consist of Plaintiff's conclusions of law regarding venue to which no response is required.

6. The allegations contained in Paragraph 6 consist of Plaintiff's conclusions of law regarding this Court's jurisdiction to grant Plaintiff's requested relief to which no response is required. To the extent a response is deemed required, Defendants deny that Plaintiff is entitled to any relief.

7. The allegations contained in Paragraph 7 consist of conclusions of law to which no response is required. To the extent a response is deemed required, Defendants deny the allegations in Paragraph 7.

**PARTIES**

8. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 8.

9. As to the first sentence of paragraph 9, Defendants admit that DHS is a federal agency of the United States government responsible for, among other things, enforcement of immigration law. As to the second sentence of paragraph 9, Defendants admit that DHS is an agency of the United States government and respectfully refers the Court to the FOIA section cited for a complete and accurate reading of its contents and deny any allegation inconsistent therein.

10. As to the first sentence of paragraph 10, Defendants admit that ICE is a subcomponent of DHS responsible for, among other things, immigration enforcement, including immigration detention within the United States. As to the second sentence of paragraph 10,

Defendants respectfully refer the Court to the FOIA section cited for a complete and accurate reading of its contents and deny any allegation inconsistent therein.

11.     In response to the allegations contained in Paragraph 11, Defendants aver that Defendant ICE produced records in its possession that were responsive to Plaintiff's FOIA request in January 2025 and February 2025.  Defendants otherwise deny the allegations of Paragraph 11.

## STATEMENT OF FACTS

12.     Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 12.

13.     The allegations contained in Paragraph 13 are unrelated to Plaintiffs' legal claims against Defendants under the FOIA and require no response.  To the extent that a response is deemed required, Defendants respectfully refer the Court to the document referenced by the Plaintiff for an accurate and complete reading of its contents and deny any allegations inconsistent therewith.

14.     The allegations contained in Paragraph 14 are unrelated to Plaintiffs' legal claims against Defendants under the FOIA and require no response.  To the extent that a response is deemed required, Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations and therefore deny the allegations.

15.     In response to the allegations contained in Paragraph 15, Defendants admit only that the Plaintiff submitted a FOIA request on September 25, 2025, and respectfully refer the Court to the Plaintiff's FOIA request for an accurate and complete reading of its contents and deny any allegation inconsistent therewith.

16.     In response to the allegations contained in Paragraph 16, Defendants admit only that ICE acknowledged receipt of Plaintiff's FOIA request on October 2, 2024, and assigned a

reference number 2024-ICFO-58702 and respectfully refer the Court to ICE's acknowledgement for an accurate and complete reading of its contents and deny any allegation inconsistent therewith.

17.     In response to the allegations of Paragraph 17, Defendants admit that as of the date of the filing of the instant complaint ICE had not provided records in response to Plaintiff's FOIA request. The remaining allegations contained in Paragraph 17 consist of conclusions of law to which no response is required. To the extent that a response is deemed required, Defendants deny the allegations.

18.     The allegations contained in Paragraph 18 consist of conclusions of law and Plaintiff's characterization of the basis for initiating this action to which no response is required. To the extent that a response is deemed required, Defendants respectfully refer the Court to the FOIA and Plaintiff's complaint for a complete and accurate reading of their contents and deny any allegations inconsistent therewith.

## CLAIM FOR RELIEF

## FIRST CAUSE OF ACTION

19.     Defendants incorporate and reallege their responses in Paragraphs 1-18 above as if fully set forth herein.

20.     The allegations contained in Paragraph 20 consist of conclusions of law to which no response is required. To the extent that a response is deemed required, Defendants respectfully refer the Court to the FOIA for a complete and accurate reading of its contents and deny any allegation inconsistent therewith.

21.     The allegations contained in Paragraph 21 consist of conclusions of law to which no response is required. To the extent that a response is deemed required, Defendants deny the allegations contained in Paragraph 21.

22.    The allegations contained in Paragraph 22 consist of conclusions of law to which no response is required.  To the extent that a response is deemed required, Defendants deny the allegations.  Defendants further respectfully refer the Court to the FOIA and the referenced regulations for a complete and accurate reading of their contents and deny any allegation inconsistent therewith.

## SECOND CAUSE OF ACTION

23.    Defendants incorporate and reallege their responses in Paragraphs 1-22 above as if fully set forth herein.

24.    The allegations contained in Paragraph 24 consist of conclusions of law to which no response is required.  To the extent that a response is deemed required, Defendants respectfully refer the Court to the FOIA for a complete and accurate reading of its contents and deny any allegation inconsistent therewith.

25.    The allegations contained in Paragraph 25 consist of conclusions of law to which no response is required.  To the extent that a response is deemed required, Defendants deny the allegations contained in Paragraph 25.

26.    The allegations contained in Paragraph 26 consist of conclusions of law to which no response is required.  To the extent that a response is deemed required, Defendants deny the allegations.  Defendants further respectfully refer the Court to the FOIA and the referenced regulations for a complete and accurate reading of their contents and deny any allegation inconsistent therewith.

## THIRD CAUSE OF ACTION

27.    Defendants incorporate and reallege their responses in Paragraphs 1-26 above as if fully set forth herein.

28.     The allegations contained in Paragraph 28 consist of conclusions of law to which no response is required.  To the extent that a response is deemed required, Defendants deny the allegations.  Defendants further respectfully refer the Court to the FOIA for a complete and accurate reading of its contents and deny any allegation inconsistent therewith.

29.     The allegations contained in Paragraph 29 consist of conclusions of law to which no response is required.  To the extent that a response is deemed required, Defendants deny the allegations.  Defendants further respectfully refer the Court to the FOIA and the referenced regulations for a complete and accurate reading of their contents and deny any allegation inconsistent therewith.

## PRAYER FOR RELIEF

The remainder of the Complaint contains Plaintiff's request for relief to which no response is required.  To the extent that responses are deemed required, Defendants deny that Plaintiff is entitled to the relief requested in its prayer for relief, or to any relief whatsoever.

## AFFIRMATIVE DEFENSES

Any allegations not specifically admitted, denied, or otherwise responded to are hereby denied.  In further response to the Complaint, Defendants raise the following defenses.  Defendants respectfully reserve the right to amend, alter, and supplement the defenses contained in this Answer as the facts and circumstances giving rise to the Complaint become known to Defendants throughout the course of this litigation.

## FIRST DEFENSE

As to some or all of the claims asserted in this action, Plaintiff has failed to state a claim upon which relief may be granted under FOIA.

## SECOND DEFENSE

Any information that Defendants have withheld, or will withhold, in response to Plaintiff's FOIA request may be exempt in whole or in part from public disclosure under the FOIA, 5 U.S.C. § 552 *et seq.*, and the Privacy Act, 5 U.S.C. § 552(a), *et seq.* Plaintiff is not entitled to compel the production of responsive records protected from disclosure by one or more of the exemptions or exclusions to FOIA, 5 U.S.C. § 552, or the Privacy Act, 5 U.S.C. § 552a. Defendants are entitled to invoke all exemptions and other defenses available under the Freedom of Information Act and the Privacy Act.

## THIRD DEFENSE

The Court lacks subject matter jurisdiction over the Plaintiff's requests for relief to the extent those requests exceed the relief authorized under FOIA. *See* 5 U.S.C. § 552. Any relief is limited to that provided for in 5 U.S.C. § 552(a)(4)(B).

## FOURTH DEFENSE

At all times alleged in the Complaint, Defendants acted in good faith, with justification, and pursuant to authority, and exceptional circumstances exist that necessitate additional time for Defendants to process Plaintiff's FOIA requests.

## FIFTH DEFENSE

Defendants may have additional defenses which are not known at this time, but which may become known. Accordingly, Defendants reserve the right to assert each and every affirmative or other defense that may be available, including any defenses available pursuant to Rules 8 and 12 of the Federal Rules of Civil Procedure.

## SIXTH DEFENSE

Plaintiff is not entitled to attorneys' fees or costs.

**SEVENTH DEFENSE**

To the extent the Complaint refers to or quotes from external documents, statutes, or other sources, Defendants may refer to such materials for their accurate and complete contents in response; however, Defendants' references are not intended to be, and should not be construed to be, an admission that the cited materials: (a) are correctly cited or quoted by Plaintiff; (b) are relevant to this, or any other, action; or (c) are admissible in this, or any other, action.

**EIGHTH DEFENSE**

Plaintiff's FOIA request does not reasonably describe the records sought, and therefore does not comply with the FOIA and/or do not trigger a search or production obligation. Plaintiff's FOIA request is not enforceable under the FOIA to the extent a reasonable search cannot be undertaken to identify and locate all responsive records.

**NINTH DEFENSE**

The FOIA does not authorize the injunctive relief requested.

**TENTH DEFENSE**

There is no provision in the FOIA for obtaining declaratory relief.

**ELEVENTH DEFENSE**

The Court lacks jurisdiction over any matter to the extent Plaintiff has failed to satisfy prerequisites to suit, as well as over any requests or allegations that are not contained in the FOIA request at issue in this action.

**WHEREFORE**, having fully answered, Defendants respectfully request this Court to: (1) dismiss the Complaint with prejudice and order that the Plaintiff take nothing and are granted no relief; (2) deny injunctive relief to Plaintiff; (3) enter judgment in favor of Defendants; (4) award

the Defendants costs and disbursements incurred in defending this matter; and (5) grant such

further relief as the Court deems just and proper.

Dated:    New York, New York          Respectfully submitted,
          May 28, 2025

                                       JAY CLAYTON
                                       United States Attorney for the
                                       Southern District of New York
                                       Attorney for Defendant

                              By:      /s/ Dominika Tarczynska
                                       Dominika Tarczynska
                                       Assistant United States Attorney
                                       86 Chambers Street, 3rd Floor
                                       New York, New York 10007
                                       Telephone: 212-637-2748
                                       e-mail: dominika.tarczynska@usdoj.gov